U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

NOV 2 9 2012

TONY R. MOORE, CLERK
BY _____
         DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Lajaunie

versus

ConocoPhillips Co., et al

Civil Action No. 11-00117

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is Sodexo's Expedited Motion To Certify An Interlocutory Appeal pursuant to 28 U.S.C.§ 1292(b) filed by Sodexo Remote Sites Partnership ("Sodexo") [Rec. Doc. 94], in which Sodexo moves the Court to certify a portion of its October 29, 2012 Judgment. On October 29, 2012, the Court issued a Judgment denying Sodexo's Motion for Summary Judgment in part as to plaintiff,'s sexual harassment claims under Title VII and granting the Motion in part as to all of plaintiff's remaining claims. Sodexo moves the Court to certify its interlocutory appeal as to the Court's denial of Sodexo's Motion, contending that this portion of the Judgment "involves a controlling question of law as to which there is substantial ground for difference of opinion and, since this is [sic] remaining claim in the case an immediate appeal will materially advance the ultimate termination of the lawsuit." In particular, Sodexo contends that there is a substantial difference of opinion in the Fifth Circuit jurisprudence regarding "what activity places an employer on actual and/or constructive notice of harassment, thus triggering the employer's duty to take prompt remedial action." R. 94.

28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. 28 U.S.C. § 1292(b). For an interlocutory order to be appealable pursuant to the statute, three conditions must be satisfied. The trial judge must

certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation." *Id*; *Anderson v. Jackson*, 2007 WL 4414479, at *3 (E.D.La. Dec. 14, 2007). The Fifth Circuit will only review on interlocutory appeal issues involving a "pure question of law" rather than determinations involving the "application of law to fact." *Id*. at *4 (citing *La. Patients' Comp. Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir.2005)). The moving party carries the burden of showing the necessity of interlocutory appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007). Interlocutory appeals are "exceptional" and should not be granted "simply to determine the correctness of a judgment." *Id*. (quoting *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68–69 (5th Cir.1983)).

The Court finds that Sodexo has not met its burden of showing that interlocutory appeal is appropriate. The question of law at issue does not involve "pure questions of law" appropriate for interlocutory appeal but rather the Court's application of law to the facts. Accordingly,

**IT IS ORDERED** that Sodexo's Expedited Motion To Certify An Interlocutory Appeal [Rec. Doc. 94] is **DENIED**.

Thus done and signed this 29th day of November, 2012 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge