U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED · LAFAYETTE

NOV 29 2012

_____, CLERK
_____
DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

Lajaunie                                   Civil Action No. 11-00117

versus                                      Judge Richard T. Haik, Sr.

ConocoPhillips Co., et al                 Magistrate Judge C. Michael Hill

**MEMORANDUM ORDER**

Before the Court is plaintiff, Suzanne M. Lajaunie's, Motion To Certify An Interlocutory Appeal pursuant to 28 U.S.C.§ 1292(b) [Rec. Doc. 97], in which plaintiff moves the Court to certify a portion of its October 29, 2012 Judgment. On October 29, 2012, the Court issued a Judgment affirming the Magistrate Judge's denial of plaintiff's Motion For Leave To File Second Supplemental and Amending Petition For Damages. *R. 84.* Plaintiff moves the Court to certify its interlocutory appeal as to the Court's denial of the Motion, contending that "granting [plaintiff's] Motion for Leave To File Second Amended Complaint will simply [sic] trial as the addition of the vicarious liability of Sodexo for Jerome Vining's actions will help demonstrate to the court and jury how the environment on the *Magnolia* was fostered and able to exist for so long."

28 U.S.C. § 1292 allows for interlocutory appeal of orders without directing entry of a final judgment on the order. 28 U.S.C. § 1292(b). For an interlocutory order to be appealable pursuant to the statute, three conditions must be satisfied. The trial judge must certify in writing that the order: (1) involves a controlling question of law, (2) substantial ground for difference of opinion on that question of law exists, and (3) immediate appeal from the order may "materially advance the ultimate termination of [the] litigation." *Id*; *Anderson v. Jackson*, 2007 WL 4414479, at *3 (E.D.La. Dec. 14, 2007). The Fifth

Circuit will only review on interlocutory appeal issues involving a "pure question of law" rather than determinations involving the "application of law to fact." *Id.* at *4 (citing *La. Patients' Comp. Fund Overnight Bd. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 585, 588 (5th Cir.2005)). The moving party carries the burden of showing the necessity of interlocutory appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, at *2 (E.D.La. Dec. 11, 2007).

In light of the foregoing, plaintiff fails woefully short of meeting its burden of showing that interlocutory appeal under 28 U.S.C. § 1292 is appropriate. Accordingly,

**IT IS ORDERED** that plaintiff, Suzanne M. Lajaunie's, Motion To Certify An Interlocutory Appeal [Rec. Doc. 97] is **DENIED**.

Thus done and signed this 29th day of November, 2012 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge